IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICARDO J. LALLAVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-3051 |
| | ) | |
| DAVID BIERMANN and DARRELL SANDERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**Supplemental Memorandum of Law
In Opposition to Summary Judgment**

Now Comes the Plaintiff, RICARDO J. LALLAVE [hereafter "Lallave"], by and through his attorney, John A. Baker, and pursuant to an Order entered this Court [Doc. 21]., supplements his opposition to the motion filed by the defendants, DAVID BIERMANN [hereafter "Biermann"] and DARRELL SANDERS [hereafter "Sanders"], seeking summary judgment [Doc. 13], and states to the Court as follows:

## I. INTRODUCTION

The parties filed initial briefs as it related to the motion for summary judgment. This Court entered an order on September 27, 2010, directing the parties to supplement their briefs and to address three specific questions. This memorandum of law is filed in response to that order.

## II. ARGUMENT

**(a)     Is an employee who is suspended for 30 days or less entitled to either a pre-deprivation or post-deprivation hearing?**

In *Mathews v. Eldridge,* 424 U.S. 319, 333, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976), the Supreme Court wrote that the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43, 84 L. Ed. 2d 494, 105 S. Ct. the Court applied the *Eldridge* framework to the specific question of what type of pretermination process the due process clause guarantees to a public employee who can be discharged only for cause.  The Court held that such an employee was entitled to at least an abbreviated pretermination "hearing."  *Id* at. 545.  It concluded that "the tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546.

In *Gilbert v. Homar*, 520 U.S. 924 (1997), the Supreme Court concluded that an employee might not necessarily be entitled to a pre-deprivation hearing before a suspension without pay commences.  To determine whether Homar's suspension without pay satisfied due process, the Court balanced the three factors it had articulated in *Loudermill*.  In weighing the severity of the harm suffered by Homar, the Court reasoned that it had to consider both the duration and finality of his deprivation. Given that Homar faced only a temporary suspension without pay rather than termination, the Court concluded that his loss was relatively insubstantial, so long as he

received a sufficiently prompt post-suspension hearing. On the other side, the Court reasoned, the employer had a significant interest in immediately suspending an employee who occupied a position of public trust and high visibility and who faced felony charges. Thus, the Court concluded that ESU's significant interest in preserving public confidence in its police force outweighed Homar's interest in avoiding suspension without pay.

In *Gilbert*, the Supreme Court reiterated the three balancing factors identified in *Eldridge* and *Loudermill* should be used to analyze whether an employee is entitled to a pre-deprivation hearing or a post-deprivation hearing when suspended from his employment without pay. Those factors are (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest and the value of additional procedures in avoiding error; and (3) the government's interest. *Id.* at 335.

In *Gilbert*, the employee had been arrested and charged with a felony. The Court found that this was a significant concern to the employer, a police department. In *Ibarra v. Martin*, 143 F.3d 286 (7th Cir. 1998), the Seventh Circuit addressed a similar question. Both *Gilbert* and *Ibarra* involved instances where criminal charges had been filed against the governmental employee. In *Ibarra*, there were not felony charges, however, there were misdemeanor sexual assault charges filed against the employee.

*Gilbert*, and by extension *Ibarra*, established that a pre-disciplinary hearing is always required before an employee is suspended. Importantly, neither of those decisions found that pre-disciplinary hearings never needed to be held prior to the

imposition of a disciplinary suspension. Rather, both cases stressed the fact that every case is unique and must be evaluated based upon its unique facts and circumstances.

Relying upon the Court's previous holding in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972), the Third Circuit has concluded that "[o]nly in 'extraordinary situations where some valid government interest is at stake' is it permissible to postpone the hearing until after the deprivation has already occurred. *Dee v. Borough of Dunmore,* 549 F.3d 225, 233 (3d Cir. 2008). *Dee,* like this case, involved a disciplinary suspension.

The end result is that a hearing can only be suspended under exceptional circumstances. These circumstances were present in both *Gilbert* and *Ibarra* because those cases both involved criminal charges being filed against the public safety employees involved. In this case, Lallave was never charged with any type of a crime. Rather, Lallave was charged with violating some internal policies. There was no urgent need to suspend him without providing him an opportunity to be heard. In fact, the Defendants have never argued that there was an exceptional need. Rather, they have contended that they did provide him with an adequate opportunity to be heard prior to his suspension.[1]

Given that there were no exceptional circumstances that made it necessary for

---

[1] The Defendants could not plausibly argue that there were exceptional circumstances that required them to suspend Lallave without the benefit of a hearing because they are contractually obligated to provide just that. The labor agreement provides that "[f]or discipline other than oral reprimands, the Employer shall hold a pre-dsiciplinary meeting." [Doc. 18-4, p. 6].

the Defendants to postpone his due process rights coupled with the fact that they were contractually obligated to provide a hearing prior to discipline being imposed, Lallave was entitled to have a legitimate opportunity to be heard prior to the suspension being imposed.

**(b)   What are the necessary requirements of due process in a post-deprivation grievance procedure?**

The Seventh Circuit has held that a grievance mechanism under a collective bargaining agreement can satisfy post-deprivation requirements of due process. *Buttitta v. City of Chicago*, 9 F.3d 1198 (7th Cir. Ill. 1993). If the Court determines that Lallave was not entitled to any pre-deprivation process, Lallave's claim can not succeed because he was afforded the opportunity to file a grievance and that grievance was pursued.

Lallave can only prevail if he was required to receive some opportunity to be heard prior to his suspension.

**( c)   Procedures Lallave received under the collective bargaining agreement**

Lallave filed a grievance [See Doc. 18-2, p. 1]. That grievance was forwarded to the second step of the grievance process where it was then dropped by the Union [See attached Exhibit].

### III. Conclusion

There was no urgent need for the Defendants to suspend Lallave without affording him an adequate opportunity to respond to the charges beforehand. As such, Lallave was entitled to a pre-deprivation hearing of some type. The Defendants held a pre-deprivation hearing, however, it was a sham, therefore, Lallave had no meaningful opportunity to be heard prior to his suspension being implemented. For this reason, the motion for summary judgment should be denied.

                                    Ricardo Lallave

                                    By: s/ John A. Baker

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:	(217) 522-3445
Facsimile:	(217) 522-8234
E-mail:	johnbakerlaw@sbcglobal.net

### Certificate of Service

This document was filed relying upon this Court's ECF system. A copy will automatically be forwarded to all counsel of record. No one has been served via U.S. Mail.

                                    By: s/ John A. Baker

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:	(217) 522-3445
Facsimile:	(217) 522-8234
E-mail:	johnbakerlaw@sbcglobal.net